920.231.2150
Fax: 920.231.5713
E-Mail info@ch13oshkosh.com

**REBECCA R GARCIA**
**Chapter 13 Trustee in Bankruptcy**
**EASTERN DISTRICT OF WISCONSIN**
**P O Box 3170**
**Oshkosh, WI 54903-3170**

April 30, 2019

Honorable Beth E Hanan
U S Bankruptcy Court Judge
Eastern District of Wisconsin
517 E. Wisconsin Avenue
Milwaukee, WI 53202

**Re: Floyd Bowie III**
        **Case No. 2017-28664-BEH-13**

Dear Judge Hanan:

I am writing today to inform the Court of the attached letter that was sent, by me, to the state court regarding the proceedings that are also now subject of the pending objection to confirmation by Robert Settecase and Premier Milwaukee LLC. There is a hearing scheduled on this matter for May 21, 2019 at 10:30 a.m. The objecting party raises several issues regarding the standing of the debtor and the duties of a Chapter 13 Trustee. As stated in the attached letter, I would direct your attention to *Cable V. Ivy Tech State College*, 200 F.3d 467 (7th Cir. 1999). In addition, as a Chapter 13 Trustee, my powers are specifically limited by the bankruptcy code. You will note that 11 U.S.C. § 1302(b)(1) refers to several sections of 11 U.S.C. § 704, all relating to the duties of the Trustee. Specifically absent from those duties is 11 U.S.C. § 704(a)(1) to "collect and reduce to money the property of the estate . . ." Given this limitation, if I, as Chapter 13 Trustee, were to have "control of the lawsuit" or pursue the lawsuit as suggested in the objection to confirmation, I would have no ability to collect the proceeds. Chapter 13 has been specifically designed by Congress to allow the debtor to maintain in possession of all property of the estate, see 11 U.S.C. § 1306(b), and getting a plan confirmed requires that each unsecured claim receive not less than the amount that would be paid on such a claim if the estate of the debtor were liquidated under chapter 7. See 11 U.S.C. § 1325(a)(4).

If I have any concern, it is that the claims that the Debtor has raised in the state court action were not disclosed in the Debtors Schedules or plan until this issue was raised by Attorney Cade who notified my office of the lawsuit in early April, 2019. The original Schedules and 341 testimony of the debtor did not reveal the state court claims as they should have.

Sincerely,


/s/ Rebecca R Garcia
Rebecca R Garcia
Standing Chapter 13 Trustee


RRG:klw

**920.231.2150**
**Fax: 920.231.5713**
**E-Mail info@ch13oshkosh.com**

**REBECCA R GARCIA**
**Chapter 13 Trustee in Bankruptcy**
**EASTERN DISTRICT OF WISCONSIN**
**P O Box 3170**
**Oshkosh, WI 54903-3170**

April 25, 2019

Hon. Mary Triggiano,
Milwaukee County Circuit Court,
 901 N 9th Street, Room 412,
Milwaukee, WI 53202.

Re:     Chapter 13 Bankruptcy Case of Floyd Dustin Bowie
          Bankruptcy Case No. 2017-28664-BEH-13
          Debtor's Standing to Sue While in Chapter 13 Bankruptcy

Dear Honorable Mary Triggiano:

       I, Rebecca Garcia, am executing this letter to provide clarification to the Court
and the interested parties in this case regarding the debtor's pending lawsuit in the
Milwaukee County Circuit Court against Mr. Settecase Case Number, 2018CV8456.

       It has come to my attention that the Defendant in that case has challenged the
standing of the Debtor to bring the lawsuit. It is Defendant's position that the proper party
to bring the lawsuit in question is my office. To the contrary, the Bankruptcy Code and
case law support the proposition that a debtor in a Chapter 13 remains "a debtor in
possession of the assets of the bankruptcy estate while the case is pending," thereby
giving the debtor "substantially [similar] powers as the trustee" in other Chapters, like the
Chapter 7 case mentioned in the Defendant's motion to dismiss. *See* Cable v. Ivy Tech
State College, 200 F. 3d 467 (1999).

       Those powers include the right to sue, and further establishes that the Debtor is in
fact the proper party to bring legal claims such as the one asserted by Mr. Bowie. This
promotes prompt and efficient payment to the creditors in his bankruptcy case. Mr.
Bowie's plan has been amended to provide for the payment of any un-exempt proceeds
he recovers from his lawsuit to the creditors. This amended plan satisfies any concerns I
may have regarding the interests of the estate being properly represented and defended by
the ongoing lawsuit.

Should the court or parties need additional clarification on my stance, I would encourage them to review the Cable decision cited above, as well as bankruptcy code sections 11 U.S.C. §§ 1302, 1303 and 1306(b) and Fed. R. Bankr. P 6009. My office can also be reached by calling (920) 231-2150.

Warmest Regards,

Rebecca R. Garcia

Digitally signed by Rebecca R. Garcia
DN: cn=Rebecca R. Garcia, c=US, o=Chapter 13 Trustee Oshkosh, email=garciar@ch13oshkosh.com
Date: 2019.04.25 12:28:58 -05'00'

Rebecca Garcia, Standing Chapter 13 Trustee

RRG:klw

cc      Attorney Krysta Kerr via email only to krysta@millermillerlaw.com
        Attorney Nathaniel Cade, Jr. via email only to nate@cade-law.com
        Attorney William Sulton via email only to wsulton@gcwlawyers.com